1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

UNITED STATES OF AMERICA,

Case No. 12cr04471 BTM

12

Plaintiff,

**ORDER DENYING MOTION FOR RECONSIDERATION**

13

v.

14

GUSTAVO GARCIA-GONZALEZ,

15

Defendant.

16
17

Defendant Gustavo Garcia-Gonzalez moves for reconsideration of the Court's order denying motion to dismiss indictment.

18
19

In the Court's prior order, the Court held that Defendant had not shown prejudice from any due process violations in connection with the expedited removal proceedings because Defendant had not shown that it was plausible that he would have been permitted to withdraw his application for admission. The Court pointed out that according to the Inspector's Field Manual, "[a]n expedited removal order should ordinarily be issued, rather than permitting withdrawal, in situations where there is obvious deliberate fraud on the part of the applicant." Defendant had presented a false birth certificate to enter the country and therefore engaged in "obvious, deliberate fraud." Accordingly, Defendant did not have a plausible ground for relief. See United States v. Meraz-Olivera, 472 Fed. Appx. 610, 612 (2012) (holding that the defendant suffered no prejudice from the immigration officer's failure to inform of his right to withdraw the application for admission because he had entered the

20
21
22
23
24
25
26
27
28

country by fraudulent means and therefore had no plausible ground for relief).

Defendant argues that he has established that it was plausible that he would have been permitted to withdraw his application for admission, even though he had engaged in fraud, because he has provided documentation showing that Jose Garcia Gonzalez, who was convicted of making a false statement to a federal officer, was allowed to withdraw his application. (Def. Exs. S-1, S-2.)   The Court is not convinced that a single instance where an immigration officer allowed an individual who engaged in fraud to withdraw his application shows that Defendant had a plausible claim for relief.

As previously explained by the Court, the immigration officer who permitted Jose Garcia Gonzalez to withdraw his application did not explain his reasoning for granting the relief.   Although the immigration officer claims he generally follows the Inspector's Field Manual, the Court has no idea what factors the immigration officer took into account and why he decided to allow Mr. Gonzalez to withdraw his application. See United States v. Barajas-Alvarado, 655 F.3d 1077, 1091 n. 17 (9th Cir. 2011) (explaining that Barajas-Alvarado did not carry his burden of showing it was plausible that he would have been granted relief by citing two other cases in which an alien who presented false documents was granted withdrawal, because those cases involved aliens in different factual circumstances, "and the courts in those cases neither addressed nor explained why the alien was granted withdrawal relief.").   The Court declines to find that Defendant had a plausible ground for relief based on one unexplained decision of an immigration officer to allow an alien who engaged in fraud to withdraw his application.[1]

---

[1]   Defendant also argues that the Court erred in relying upon United States v. Cisneros-Resendiz, 656 F.3d 1015, 1021 (9th Cir. 2011), because that case concerned proceedings before an immigration judge.  Defendant argues that withdrawal before an immigration judge is governed by a stricter standard, including 8 C.F.R. § 1240.1(d), which provides that the alien establish that factors "directly relating to the issue of inadmissiblity indicate that the granting of the withdrawal would be in the interest of justice."  It is actually arguable whether the standard for withdrawal before an immigration judge is substantially different than the standard for withdrawal before an immigration officer.  As pointed out by the Government, the six factors set forth in the Inspector's Field Manual do not include equitable factors such as age or family ties. See also Barajas-Alvarado, 655 F.3d at 1090 (declining to resolve whether In re Gutierrez, 19 I. & N. Dec. 562 (BIA 1988), applies to proceedings before immigration officers).

1        Accordingly, Defendant's motion for reconsideration is **DENIED**.

2

3    **IT IS SO ORDERED.**

4    DATED:  May 28, 2013

5                                                    BARRY TED MOSKOWITZ, Chief Judge

6                                                    United States District Court

12cr4471 BTM